UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MASSIMO CARRARO, an individual, on behalf of himself and others similarly situated, 232 Bells Lake Road Turnersville, NJ 08012 <br><br> Plaintiff, <br><br> v. <br><br> NCS TECHNOLOGIES, INC. 15 Corporate Place South, Suite 200 Piscataway, NJ 08854 <br><br> Defendant. | : : : : : : : : : : : : : | CIVIL ACTION NO.: <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Massimo Carraro, on behalf of himself and all others similarly situated, avers as follows:

1. This is a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), brought on behalf of Plaintiff and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

   > All current and former persons employed by Defendant for at least one day in the three (3) years preceding the filing of this action, within the Technology and Products, Reliability Engineering, Voice and Federal Communications Commission Services Team of Comcast in New Jersey (hereinafter "Comcast Services Team") and who were not paid overtime compensation by Defendant of at least one and one-half times their regular hourly wage for all hours worked more than forty (40) hours in each workweek (the "Collective Action Class").

2. In addition to the nationwide FLSA claims, Plaintiff brings this action as a state-wide class action on behalf of all persons who, at any time during the past three (3) years and

1

up until the date of entry of judgment are or were employed by Defendant at any of Defendant's customers' New Jersey facilities to recover all unpaid wages under the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJSWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* ("NJWPL") (collectively "New Jersey State Law Claims").

3. This action is brought and may be properly maintained as a Class Action.

4. Plaintiff brings the New Jersey State Law Claims as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated:

> All current and former persons employed by Defendant for at least one day in the three (3) years preceding the filing of this action, within the Technology and Products, Reliability Engineering, Voice and Federal Communications Commission Services Team of Comcast in New Jersey (hereinafter "Comcast Services Team") and who were not paid overtime compensation by Defendant of at least one and one-half times their regular hourly wage for all hours worked in excess of forty (40) hours in each workweek (the "New Jersey State Law Class").

5. The Collective Action Class and the New Jersey State Law Class are collectively referred to herein as the "Classes". Plaintiff consents, in writing, to be a party to this collective action pursuant to 29 U.S.C. §216(b) and said consent is attached hereto, made part hereof and incorporated herein as Exhibit "A".

6. As explained herein, under applicable employment laws, Plaintiff and members of the Classes are entitled to compensation at the rate of one and one-half times their regular hourly wage for all hours worked in excess of forty (40) in each workweek. Despite this plain truth, and although Defendant regularly required Plaintiff and Class members to work in excess of forty (40) hours each workweek, Defendant willfully and intentionally

failed to compensate Plaintiff and Class members at the statutory mandated overtime rate of pay due and owing them in a workweek.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the New Jersey State Law Claims because those claims derive from a common nucleus of operative facts.

9. Venue for this action properly lies in the United States District Court for the District of New Jersey District, pursuant to 28 U.S.C. §1391(b), because the claim arose in this Judicial District.

## PARTIES

10. Plaintiff Massimo Carraro, an adult individual residing in New Jersey at all relevant times, was employed by Defendant NCS Technologies, Inc. ("NCS") for approximately three (3) years beginning on or about May 11, 2015. Plaintiff was assigned by NCS to provide on-site informational technology services in New Jersey for NCS' client Comcast Corporation, as a Comcast Service Team Member.

11. Plaintiff's assignment with Comcast concluded on April 1, 2018, and accordingly, his employment by NCS was terminated.

12. NCS, with its principal place of business at 15 Corporate Place South, Suite 200 Piscataway, NJ 08854, is in the business of providing information technology solutions and personnel staffing supplementation services to its clients such as Comcast.

13. NCS is an enterprise engaged in interstate commerce.

## FACTUAL BACKGROUND

14. At the time of his hire by NCS, Plaintiff was paid an hourly rate of $22.00 per billable hour of service rendered to Comcast on behalf of NCS. At the conclusion of his employment with NCS, Plaintiff was being paid an hourly rate of $24.50 per billable hour of service rendered to Comcast on behalf of NCS. Plaintiff's annual compensation for the calendar year ending December 31, 2017, amounted to approximately $44,700.

15. Plaintiff's primary duties as a Comcast Services Team assigned to Comcast by NCS performing such functions as:

    a. Participation in the Federal Communications Commission ("FCC") reportable process and quality assurance, reviewing and improving ticket quality and establishing a method for each type of FCC ticket.

    b. FCC regulatory compliance reporting certified (since September 2015); leadership/management role for FCC reporting.

    c. Managing and detect network outages and troubleshooting complex repairs with carriers and vendors through tools like Tellabs/MetroWatch, TTS (Remedy), MetaSolv, NetAnalyst, AIS, SevOne, RCOR(for FCC) and others, assisting other Comcast teams (as incident manager) on technical outage bridges and Brouha's (incident form) closure procedures.

    d. Creating and improving standard operating procedures and reports for new and current Voice related processes - including critical 911 PSAP emergency related procedures.

    e. Help desk support for understanding and correlating maintenances operations

            infrastructure - ability to foresee/prevent/minimize network related outages.

      f.     Working to manage upcoming transition with Cox Communications/Harmony platform (for noise reduction and alarm/ticket quality & analysis).

16.    Given the demands of the digital and telecommunications business in which Comcast engaged, NCS knew that, given the services it was contractually required to have performed by NCS personnel for Comcast, Plaintiff and Class members routinely would have to work in excess of forty (40) hours per workweek. Accordingly, Plaintiff and Class members often were required to perform but were not paid for compensable overtime work they performed for NCS.

17.    Due to the nature of his job duties and the need for prompt response required y the technological services assured by Comcast to its customers, NCS maintained an established protocol whereby its Consultants assigned by it to Comcast were regularly required by NCS to perform compensable overtime work during the work week.

18.    NCS routinely suffered and permitted Plaintiff and Class members to perform services in excess of forty (40) hours in a workweek without paying the statutorily mandated overtime pay to them for hours in excess of forty (40) hours in a work week.

19.    NCS knew and had reason to believe that Plaintiff and Class members performed work in excess of forty (40) hours in a work week and that such overtime work was compensable, explicitly stating to Plaintiff: "The hours eligible for [overtime] would be hours over forty (40) in a calendar week basis, our workweek is Monday through Sunday."

20.    Even though NCS knew that Plaintiff and Class members were performing billable services to Comcast in excess of 40 hours in a workweek, NCS failed to compensate

Plaintiff and Class members for their overtime hours worked, electing instead to accept the benefits of Plaintiff's and Class members' uncompensated overtime work.

21. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at the present time the exact amount owed to the Classes, Plaintiff proposes to obtain such information through discovery, and requests that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

22. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

23. Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the FLSA, and on behalf of the NJ State Law Class at any of Defendant's customers' New Jersey to recover all unpaid wages under the NJSWHL and the NJWPL.

24. Regarding the Collective Action Class, Plaintiff specifically brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), as follows:

> All current and former persons employed by Defendant for at least one day in the three (3) years preceding the filing of this action, within the Technology and Products, Reliability Engineering, Voice and Federal Communications Commission Services Team of Comcast in New Jersey (hereinafter "Comcast Services Team") and who were not paid overtime

compensation by Defendant of at least one and one-half times their regular hourly wage for all hours worked more than forty (40) hours in each workweek (the "Collective Action Class").

25. Upon information and belief, Plaintiff believes that the definition of the class will be further refined following discovery.

26. Tthis action is brought and may be properly maintained as an action by Plaintiff on behalf of himself and all other persons similarly situated pursuant to Fed. R. Civ. P. 23, with the class consisting of:

> All current and former persons employed by Defendant for at least one day in the three (3) years preceding the filing of this action, within the Technology and Products, Reliability Engineering, Voice and Federal Communications Commission Services Team of Comcast in New Jersey (hereinafter "Comcast Services Team") and who were not paid overtime compensation by Defendant of at least one and one-half times their regular hourly wage for all hours worked more than forty (40) hours in each workweek (the "New Jersey State Law Class").

27. Upon information and belief, Plaintiff believes that the definition of the class will be further refined during the course of discovery.

28. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claimants are all current and former persons employed by Defendant for at least one day in the three (3) years preceding the filing of this action in New Jersey as a CAC (or a similar position) and who were not paid overtime compensation of at least one and one-half times their regular hourly wage for all hours worked in excess of forty (40) hours each workweek (the "New Jersey State Law Class") and New Jersey common law may be pursued by all similarly-situated persons who do not opt-out of the New Jersey State Law Class pursuant to Fed.R.Civ.P.23.

29. The members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are dozens of individuals in each defined class.

30. There are questions of law and fact common to the Class which predominate over any questions affecting individual members only. These factual and legal questions include, among others:

   a. Whether Plaintiff and Class members were expected to and/or mandated to routinely work overtime hours;

   b. Whether Defendant failed to pay Plaintiff and Class members for all hours that they worked in excess of forty (40) hours in a workweek;

   c. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them by virtue of their working in excess of forty (40) hours in a workweek;

   d. The correct statute of limitations for Plaintiff's and members of the Classes' claims;

   e. The correct method of calculating back overtime pay;

   f. Whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

   g. Whether Plaintiff and members of the Classes are entitled to restitution;

   h. Whether Defendant is liable for pre-judgment interest; and

   i. Whether Defendant is liable for attorney's fees and costs.

31. Defendant has acted and refused to act on grounds generally applicable to the Class.

32. The claims of the representative Plaintiff are typical of the claims of the Class in that Plaintiff was denied overtime wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all overtime hours worked. This is the predominant issue which pertains to the claims of each and every Class member.

33. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

34. Furthermore, even if any member of the Class could afford individual litigation against Defendants it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

35. Plaintiff will fairly and adequately protect the interests of the Class, as his interests are in complete alignment with those of the entire Class, i.e., to prove and then

eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

36. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel is experienced with employment/class litigation.

37. Plaintiff and the Class he represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

38. Defendant has engaged in a continuing violation of the FLSA and NJ Labor Laws.

39. Plaintiff, as well as the individuals he represents, was denied overtime wages as a result of Defendant's pay practices. This violation was intended by Defendant and accordingly, constitutes a willful violation of the FLSA.

40. Defendant has engaged in a continuing violation of the NJSWHL and the NJWPL.

41. Defendant's action in denying wages for all overtime hours worked was intentional and constitutes a willful violation of the NJSWHL and the NJWPL.

42. Defendant's action in denying overtime wages to Plaintiff was intentionally or in a manner inconsistent with and constitutes a willful violation of the NJSWHL and the NJWPL.

## COUNT I - FAIR LABOR STANDARD ACT OVERTIME VIOLATION (FLSA)

43. The allegations set forth in the preceding paragraphs are incorporated herein.

44. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class inconsistent with the terms of the FLSA.

45. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

46. As a consequence of Defendant's employment practices whereby it failed to automatically pay hourly, non-exempt class employees for all overtime hours worked, said class members were denied statutory overtime wages.

47. Plaintiff and collective class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

48. Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

49. Defendant has failed to pay appropriate overtime wages under the FLSA.

   **WHEREFORE**, Plaintiff respectfully requests:

   a. All applicable statutory damages;

   b. A Declaration that Defendant has violated the FLSA;

   c. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

   d. An Order appointing Plaintiff and his counsel to represent those individuals opting in to the collective action;

   e. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs;

   f. An Order declaring that Plaintiff and Class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those

acting in concert with it at its direction, from engaging in any employment policy or practice which violates the FLSA;

g. An Order compelling Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial; and

h. Any further relief which the Court deems appropriate under the circumstances.

## COUNT II - VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW (NJSWHL)

50. The allegations set forth in the preceding Paragraphs are incorporated herein.

51. The NJSWHL provides in relevant part:

N.J.S.A 12:56-6.1 Rate of overtime payment

For each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 1/2 times such employee's regular hourly wage.

N.J.S.A 12:56-6.2 Computation

Overtime and minimum wage pay shall be computed on the basis of each work week standing alone.

52. Because of Defendant's employment practices whereby it automatically failed to pay of hourly, non-exempt employees as required, Plaintiff and Class members, were denied statutory overtime wages.

53. Plaintiff and Class members were employees of Defendant within the meaning of the NJSWHL and, as such, were entitled to the benefits of the NJSWHL's overtime wage requirements.

54. Defendant is an employer within the meaning of the NJSWHL.

55. Defendant's policy of denying Plaintiff and Class members overtime wages represents and results in a violation of the NJSWHL's minimum wage requirements.

56. Defendant has failed to pay appropriate overtime wages under the NJSWHL.

**WHEREFORE**, Plaintiff respectfully requests:

a. All applicable statutory damages;

b. A Declaration that Defendant has violated the NJSWHL;

c. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

d. An Order appointing Plaintiff and his counsel to represent those individuals opting in to the collective action;

e. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs;

f. An Order declaring that Plaintiff and Class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors,

employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the NJSWHL;

g. An Order compelling Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial; and

h. Any further relief which the Court deems appropriate under the circumstances.

## COUNT III -NEW JERSEY WAGE PROTECTION LAW (NJWPL)

57. The allegations set forth in the preceding paragraphs are fully incorporated herein.

58. The NJWPL provides in relevant part:

> N.J.S.A. 34:11-4.2. Time and mode of payment; paydays
>
> Except as otherwise provided by law, every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer, in lawful money of the United States or with checks on banks where suitable arrangements are made for the cashing of such checks by employees without difficulty and for the full amount for which they are drawn.
>
> . . .
>
> The end of the pay period for which payment is made on a regular payday shall be not more than 10 working days before such regular payday, provided that if the regular payday falls on a nonwork day payment shall be made on the preceding work day."

59. Plaintiff and Class members are/were employees of Defendant within the meaning of the NJWPL and, as such, are entitled to timely payment of wages due to them.

60. Defendant is an employer within the meaning of the NJWPL.

61. Defendant's policy of denying Plaintiff and Class members overtime wages represents and results in a violation of the NJWPL wage requirements.

62. Upon information and belief, Plaintiff and Class members have entered into written agreements with Defendant pursuant to which Plaintiff and Class members are to receive certain wages in compensation for their work for Defendant.

63. Defendant's failure to pay for every hour worked, as required by New Jersey law, represents a violation of its written agreements with Plaintiff and Class members.

**WHEREFORE**, Plaintiff respectfully requests:

a. All applicable statutory damages;

b. A Declaration that Defendant has violated the NJWPL;

c. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

d. An Order appointing Plaintiff and his counsel to represent those individuals opting in to the collective action;

e. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs;

f. An Order declaring that Plaintiff and Class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the NJWPL;

g. An Order compelling Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial; and

h. Any further relief which the Court deems appropriate under the circumstances.

## COUNT IV -UNJUST ENRICHMENT

64. The allegations set forth in the preceding paragraphs are fully incorporated herein.

65. Plaintiff brings this Count in the alternative to his claims.

66. Plaintiff and Class members were not paid wages for every hour that they worked in excess forty (40) hours in a work week.

67. Defendant retained the benefits of Plaintiff's and Class members' uncompensated work under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits without paying for their value.

68. Defendant was unjustly enriched by requiring Plaintiff and Class members to work hours for which they were not compensated.

**WHEREFORE**, Plaintiff respectfully requests:

a. All applicable damages;

c. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

d. An Order appointing Plaintiff and his counsel to represent those individuals opting in to the collective action;

e. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs;

f. An Order declaring that Plaintiff and Class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the FLSA;

g. An Order compelling Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial; and

h. Any further relief which the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury on all issues so triable.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| ASTOR WEISS KAPLAN & MANDEL, LLP | PENTIMA LAW FIRM, PLLC |
| By: _____ | By: _____ |
| DINA S. RONSAYRO, ESQUIRE | VINCENT J. PENTIMA, ESQUIRE |
| (ID#02491199) | Pro Hac Vice Pending |
| dronsayro@astorweiss.com | vjp@pentimalaw.com |
| DAVID L WOLOSHIN, ESQUIRE | 30 Rock Hill Road |
| Pro Hac Vice Pending | Bala Cynwyd, PA 109004 |
| 200 S. Broad Street, Suite 600 | 484-436-2119 |
| Philadelphia, PA 19102 | Counsel for Plaintiff |
| (215) 790-0100 | |
| (215) 790-0509 | |
| Counsel for Plaintiff | |

## PLAINTIFF CONSENT

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action under Section 216 (b) of the FLSA and agree to act as a representative of others similarly situated and to make decisions on my behalf and on behalf of others similarly situated concerning the litigation, the method and manner of conduction this litigation, and all other matters pertaining to this lawsuit.

Print Name: MASSIMO CARRARO
Sign Name: _(signature)_
Address: 232 BELLS LAKE RD, TURNERSVILLE NJ 08012
Telephone: (609) 501-3612